UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AKO K. BURRELL,

                              Plaintiff,

                                                                9:21-CV-1165
v.                                                                (GTS/CFH)

BRYAN D. MASON, Sgt., Clinton Corr. Fac.;
C.O. GORDON, Clinton Corr. Fac.; and
C.O. DEYO, Clinton Corr. Fac.,

                              Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

AKO K. BURRELL, 17-B-2994
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA A. JAMES                          MATTHEW GALLAGHER, ESQ.
Attorney General of the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Ako K. Burrell ("Plaintiff") against the three above-captioned employees of New York State Department of Corrections and Community Supervision ("Defendants") asserting claims of sexual assault and failure to intervene under the Eighth Amendment are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's motion for

summary judgment be denied, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 63, 64.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's motion is denied.

Even when construed with the utmost of special leniency, at most, Plaintiff's Objections contain only one *specific* challenge to a finding or conclusion contained in the Report-Recommendation:[1] that "[neither] Plaintiff nor Defendant(s) Mason [sic] informed [Magistrate Judge] Hummel that plaintiff was returned to his D-4-37 cell, after the OMH interview. Plaintiff never returned to his cell until [the next day, on] September 10, 2021."  (Dkt. No. 64, at 3.)  The Court liberally construes this as a challenge to Magistrate Judge Hummel's finding that, at the end of Plaintiff's interview at the Office of Mental Health ("OMH"), "Nonparty C.O.s then 'dragged' plaintiff to his cell."  (Dkt. No. 63, at 4 [citing paragraph 35 of Plf.'s Compl.].)  However, there is no error in this finding, and certainly none that is material.

Granted, when read out of context, the above-quoted finding arguably indicates that Magistrate Judge Hummel believed that, after his OMH interview, Plaintiff was dragged back to

---

[1] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

*original* cell (i.e., D block, 4 gallery, 37 cell).  However, in the prior paragraph of the Report-Recommendation, Magistrate Judge Hummel found that, after Plaintiff denied Defendant Mason's allegation of discarding contraband in the bathroom, "Mason ordered plaintiff to 'spend the night here, in OBS [referring to an observation room within the Clinton C.F. Satellite Unit].'" (Dkt. No. 63, at 3-4.)  As a result, when read in context, the challenged finding clearly referred to Plaintiff's observation cell, not to his original cell (D-4-37).  This interpretation is further supported by the fact that, in this section of the Report-Recommendation, Magistrate Judge Hummel was simply summarizing Plaintiff's recitation of the facts.  (Dkt. No. 63, at 2-5.)  And the paragraph of the Complaint following the one cited by Magistrate Judge Hummel clearly alleges, "I spent the night in OBS 12 cell . . . ."   (Dkt. No. 1, at 13, ¶ 36.)[2]

      The Objections contain no other specific challenges.  (*See generally* Dkt. No. 64.)  The closest they come to doing so is when Plaintiff argues that "the Magistrate created an even broader narrative on behalf of the defendants," because "the defendants concede to [sic] the facs, & mere [sic] refute the vital points."  (*Id*. at 3.)  Of course, in addition to failing to identify the portion of the Report-Recommendation to which Plaintiff is referring (*see, supra,* note 1 of this Decision and Order), this argument undermines itself, acknowledging that Defendants have "refute[d] the vital points" of Plaintiff's factual assertions.  As a result, the remaining portions of

---

      [2]      The Court notes that, in the subsequent section of the Report-Recommendation (which summarizes Defendants' recitation of the facts), Magistrate Judge Hummel again clearly indicated his understanding that Plaintiff was dragged to his observation cell, not to his original cell.  (Dkt. No. 63, at 6 ["'As a result of [p]laintiff's failure to comply with a direct order, [Mason] ordered . . . Deyo [and nonparty C.O.s] to escort [p]laintiff to [an observation] cell.' . . . Deyo and the nonparty C.O.s 'used situation-appropriate body holds to escort [p]laintiff to the observation cell.' . . . 'The escort went without further incident.'"] [internal citations omitted].)

the Report-Recommendation need be reviewed only for clear error.[3]

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, and Plaintiff's motion for summary judgment is denied.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 63) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 51) is **DENIED.**

Dated: March 8, 2024
    Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[3] When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted)